**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERRE FOUCHÉ, | No. 12-56108 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-00087-MMM-PJW |
| v. | |
| SCOTT A. HOLENCIK, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Federal prisoner Pierre Fouché appeals pro se from the district court's

judgment dismissing his action, brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

constitutional violations in connection with new search policies employed at his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prison job site.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Fouché's Fourth Amendment claim based on the "pat search" policy because the complaint and documents attached thereto showed that the challenged policy was reasonably related to a legitimate, penological interest, and that the searches were reasonable under the circumstances.  *See Nunez v. Duncan*, 591 F.3d 1217, 1227-28 (9th Cir. 2010) (setting forth the standards for evaluating prison searches and prison policies that allegedly infringe on prisoners' constitutional rights, and explaining that controlling contraband within a prison is a legitimate, penological interest); *cf. Michenfelder v. Sumner*, 860 F.2d 328, 332-34 (9th Cir. 1988) (discussing the limited circumstances under which an inmate strip search may be unconstitutional).

We reject Fouché's contention that the challenged policy was unconstitutional because it provided for searches that did not comport with the definition of a "pat search" under a federal regulation.

We do not consider the dismissal of Fouché's Fourth Amendment claim based on the visual search policy because Fouché expressly states in his opening brief that the visual searches are not at issue in this appeal.

**AFFIRMED.**